IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO D.L.S., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, *et al.*, <br><br> Respondents. | Civil No. 1:26-CV-02821-MWJS <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS <br><br> A# 245-471-442 |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Proceeding pro se, Petitioner Sergio D.L.S.[1] petitions for a writ of habeas corpus

under 28 U.S.C. § 2241.  He notes that he was granted parole to enter the United States

---

[1]     As recommended by the Committee on the Court Administration and Case Management of the Judicial Conference of the United States, the court omits Petitioner's full last name, using only his first name and last initials to provide some limited protection to Petitioner's sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Given that Petitioner's full name appears on the court's docket and on all filings preceding this order—and given that all of those materials are publicly available in physical copy at the Clerk's Office, but simply unavailable through remote online electronic access—the court concludes that the use of initials in this order does not prevent any interested member of the public from learning Petitioner's full true name and therefore does not require an analysis under the rigorous standards that govern the use of pseudonyms and initials by litigants.  *See generally Students for Fair Admissions v. Trustees of the Estate of Bernice Pauahi Bishop d/b/a Kamehameha Schools*, —F.R.D.—, 2026 WL 937289 (D. Haw. Apr. 7, 2026).

in November 2023.  At that time, the government assessed that he was neither a flight risk nor a danger to the community.  The record reveals no reason to think otherwise today.  To this day, Petitioner has no criminal history.  And to this day, there is no final order of removal against him.

But on March 12, 2026, while on his way to work—without any notice, process, or explanation of why his circumstances might have changed—Petitioner was arrested by immigration authorities.  He has been in immigration detention ever since.  And just as the government gave him no prior opportunity to forestall his arrest and detention, it has given him no procedural opportunity to challenge his detention now that he is in custody.  So Petitioner invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights.

Many district judges, both in this district and others, have granted petitions just like this one.  *See, e.g.*, *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744, (E.D. Cal.); *Ortega v. Noem*, No. 1:25-cv-01663 (E.D. Cal.); *Lopez v. Lyons*, No. 2:25-cv-03174 (E.D. Cal.).  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  The only question in this case, therefore, is whether there is any material distinction from those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders" such as the ones listed above. Dkt. No. 5. The court thanks Respondents for their timely and candid response. Dkt. No. 6. In it, they maintain their position that Petitioner's arrest and detention was constitutional. But they acknowledge that they have identified no "material factual differences between this case and those identified" in the court's Order to Show Cause. *Id.* at pg. 1.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus (Dkt. No. 1) is GRANTED as to Count 2, for the reasons stated in those prior orders. Because it is unnecessary to resolve the remaining counts in the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner Sergio D.L.S. (A# 245-471-442) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of

3

establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.  This order resolves all pending motions.

IT IS SO ORDERED.

DATED:  April 17, 2026, at Honolulu, Hawai'i.

Micah W.J. Smith
United States District Judge

Civil No. 1:26-02821-MWJS; *Sergio D.L.S. v. Warden, California City Correctional Center*, et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS